IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADAMS OFFSHORE, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0378-WS-B |
| | ) |
| CON-DIVE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion to intervene filed by McDermott Gulf Operating Company, Inc. ("McDermott"). (Doc. 13). The parties have filed briefs in support of their respective positions, (Docs. 37, 39, 40, 41, 51, 63, 64, 66), and the motion is ripe for resolution.

McDermott owns the M/V Bold Endurance ("the Vessel"), on which was located certain dive equipment ("the Equipment"). While the Vessel was within the district, the plaintiff had the Equipment attached and the Marshal named as custodian. (Doc. 9). The Equipment remained on the Vessel, which effectively prevented the Vessel from leaving the district. McDermott seeks to intervene for two purposes: (1) to request an order directing the removal of the Equipment from the Vessel, so that the Vessel may return to her normal duties; and (2) to seek reimbursement of its costs in connection with holding and safeguarding the Equipment prior to its removal. While briefing proceeded, the parties accomplished removal of the Equipment pursuant to an agreed order, presumably rendering moot McDermott's first purpose in seeing intervention. The second remains.

Intervention as of right is appropriate when: (1) the intervenor "claims an interest relating to the property or transaction that is the subject of the action"; (2) the intervenor "is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest"; and (3) "existing parties [do not] adequately represent that

interest." Fed. R. Civ. P. 24(a)(2). Permissive intervention is appropriate when the intervenor "has a claim or defense that shares with the main action a common question of law or fact," at least when intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *Id*. 24(b)(1)(B), (3). "'Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor.'" *Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1326 (S.D. Ala. 2003) (quoting *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999)).

McDermott relies on *Marastro Compania Naviera v. Canadian Maritime Carriers, Ltd.*, 963 F.2d 754 (5th Cir. 1992), for its position that it served as "de facto" custodian of the Equipment and that it can recover the costs of its service as such. The plaintiff and intervenors question whether *Marastro* applies under the facts of this case but, even if they are correct (a question the Court need not and does not decide), any resulting inapplicability of *Marastro* would only eliminate that case as a basis of support for McDermott's claim; it would not establish that McDermott's claim is factually or legally impossible. Nor have the plaintiff and intervenors established that some other fact or legal principle plainly eliminates McDermott's ability to recover its costs.

"An application for intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face." *Turn Key*, 164 F.3d at 1081; *accord Oneida Indian Nation v. New York*, 732 F.2d 261, 265 (2nd Cir. 1984); *see also Brennan v. New York City Board of Education*, 260 F.3d 123, 130 (2nd Cir. 2001) ("An interest that is otherwise sufficient under Rule 24(a)(2) does not become insufficient because the court deems the claim to be legally or factually weak."). The plaintiff's and intervenors' arguments fall far short of demonstrating that McDermott's claim is frivolous on its face.

The plaintiff and intervenors do not challenge McDermott's satisfaction of the elements required for intervention. Nor does the Court detect any deficiency. Accordingly, the motion to intervene is **granted**. McDermott is **ordered** to file and serve

its claim in intervention on or before **September 21, 2009**.

Embedded within one of the plaintiff's briefs is a motion to include as custodia legis and/or administrative fees its costs incurred in removing the Equipment from the Vessel. (Doc. 64). The Court finds it premature to resolve the propriety and amount of any element of claimed costs. Accordingly, the motion is **denied**, without prejudice to the plaintiff's ability to seek recovery of such costs if its complaint or any amended complaint adequately demands them.

DONE and ORDERED this 14th day of September, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE