IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ADAMS OFFSHORE, LTD.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION 09-0378-WS-B |
| | ) |
| **CON-DIVE, LLC, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter is before the Court on the renewed motion of intervenor Blake Marine Group ("Blake") to place under seal certain exhibits it attached to its complaint in intervention. (Doc. 55).[1] The exhibits are three contracts, two with the defendant, one with a non-party. All other parties to the litigation declined the opportunity to respond to Blake's motion. (Doc. 56).

There is both a constitutional and a common-law right to access materials filed in a federal lawsuit. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1309 (11th Cir. 2001). The common-law right is evaluated by a "balancing of interests" that often mimics the "good cause" standard of Rule 26(c). *Id*. at 1311-13. Impingement on the constitutional right generally requires "that the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id*. at 1310 (internal quotes omitted). However, in the case of "materials merely gathered as a result of the civil discovery process," the constitutional standard is that of Rule 26(c). *Id*. at 1310, 1315.

Blake does not deny that the exhibits are subject to the constitutional right of access. Instead, it asserts that the exhibits "are akin to discovery materials" because other

---

[1] The Court denied Blake's initial motion, (Doc. 31), for want of legal or analytical support. (Doc. 34).

parties may eventually request them in discovery, and it concludes that it thus must only "provid[e] the good cause needed to limit the constitutional right of access ... under Rule 26(c)." (Doc. 55, ¶¶ 8-9). The trouble is that Blake did not produce the exhibits in discovery but unilaterally submitted them to the Court, without request and without first seeking a protective order. Absent support for the proposition, which Blake does not provide, the Court cannot conclude that the exhibits are discovery materials for purposes of First Amendment analysis.

Blake does not attempt to demonstrate that sealing the exhibits is warranted by a compelling interest or is narrowly tailored to serve that interest. Especially given Blake's voluntary submission of the exhibits,[2] it appears doubtful it could do so. *See generally Chicago Tribune*, 263 F.3d at 1315 n.15 ("The assumption is that one voluntarily foregoes confidentiality when one submits material for dispute resolution in a judicial forum.").

For the reasons set forth above, the renewed motion to seal is **denied**.

DONE and ORDERED this 2nd day of December, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Blake says it submitted the exhibits to show its interest in the equipment made the basis of its claims. (Doc. 55, ¶ 3). However, Blake does not assert that any rule required it to submit the exhibits rather than simply identify and describe its interest in the body of its verified complaint in intervention — as indeed it did. (Doc. 20). Blake elsewhere acknowledges that it filed the exhibits merely "on an informational basis." (Doc. 55, ¶ 8).