IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADAMS OFFSHORE, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0378-WS-B |
| | ) |
| CON-DIVE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of intervenor Blake Marine Group ("Blake") for entry of default of Oceanografia S.A. de C.V. ("OSA"). (Doc. 201). The Court addresses the Rule 55 aspect of the motion, while the Magistrate Judge will address the Rule 37 aspect. (Doc. 203). OSA has filed an opposition to the motion, (Doc. 206), Blake declined the opportunity to reply, (Doc. 206), and the motion is ripe for resolution. It fails at multiple points.

As a threshold matter, Blake's motion seeks relief under Rule 55(b)(2), which governs entry of default judgment, not entry of default. Because entry of default is governed by Rule 55(a), and because Blake has not invoked Rule 55(a), it is not entitled to entry of default.

Nor could Blake be entitled to entry of default judgment, since it did not first obtain entry of default. *Travelers Casualty & Surety Co. v. East Beach Development, LLC*, 2007 WL 4097440 at *1 (S.D. Ala. 2007) ("[A] clerk's entry of default must precede an application to the district court for entry of default judgment.") (citing cases); *accord Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Boswell v. Gumbaytay*, 2009 WL 1515872 at *2 (M.D. Ala. 2009).

Even had Blake properly sought entry of default, default can be entered only when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "The words

[1]

'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like ...." *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949). This action was begun by Rule B attachment. Prior to Blake's motion, OSA filed motions to vacate the attachment, which remain pending. Since the Court's jurisdiction depends on the attachment, *e.g., Nehring v. M/V Point Vail*, 901 F.2d 1044, 1051 (11th Cir. 1990), the motions to vacate challenge the Court's jurisdiction and thus parallel motions to dismiss. Given the motions to vacate, OSA has not failed to plead or otherwise defend, and is thus not exposed to entry of default.

For the reasons set forth herein, Blake's motion for entry of default is **denied**.

DONE and ORDERED this 10th day of September, 2010.

                                                 s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE