IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADAMS OFFSHORE, LTD., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0378-WS-B |
| | ) |
| CON-DIVE, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Defendant Oceanografia S.A. de C.V. ("OSA") has filed three motions for a one-week extension of time to file reply briefs in support of its three motions to vacate attachment. (Docs. 212-14). These are the fourth, fifth and sixth such motions OSA has filed in two related cases on the Court's docket in the past six weeks. (Doc. 186; Civil Action No. 10-0174-WS-B, Docs. 15, 17). Each of the pending motions, like their predecessors, is supported by nothing more than counsel's unamplified suggestion that "scheduling conflicts and involvement in other litigation matters" render an extension "necessary." Two of the three motions are unopposed.

"We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Thus, "in order to ensure the orderly administration of justice, [a trial court] has the authority and responsibility to set and enforce reasonable deadlines." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). These principles apply here.

The parties have known since November 2009 that the deadline for filing dispositive motions was July 16, 2010. (Doc. 91 at 4). Personal jurisdiction over OSA depends on the validity of the attachment, *Nehring v. M/V Point Vail*, 901 F.2d 1044, 1051 (11th Cir. 1990), so the motions to vacate are dispositive motions even though they

are not motions for summary judgment. Nevertheless, OSA did not file the motions by the July 16 deadline but instead delayed until August 20 and 21. Had the other parties challenged the late filings, OSA would have been required to show good cause for its failure to comply with the July 16 deadline, which standard "precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee notes). It does not appear that OSA could have met this burden. While the other parties have waived any Rule 16(b) objection by failing to raise it, the fact remains that OSA filed its motions to vacate some five weeks after the deadline for doing so.

OSA's delay placed the Court in something of a bind. This case is set for final pretrial conference on October 12, and the parties' joint pretrial document – which the Court takes very seriously – is due October 5. Thanks to OSA's tardy filing of its motions to vacate, they could not be resolved comfortably before these deadlines. What is more, as a practical matter the Court cannot rule on two other pending substantive motions, (Docs. 163, 175), until briefing concludes on the motions to vacate. Complicating matters is that this is not the only case on the Court's docket, and the Court must address other matters in late September and early October.

The Court nevertheless provided the nonmovants the standard two weeks to respond and OSA the standard one week to reply. (Doc. 199). OSA did not complain that this was an inadequate amount of time or suggest that "scheduling conflicts and involvement in other litigation matters" would render it unable to meet the deadline. Instead, as is its practice, it remained silent until the eve of the deadline to seek what it apparently assumes is an automatic extension.

Were there something here beyond OSA's thaumaturgical incantation of "scheduling conflicts and involvement in other litigation matters," perhaps its motion for extension of time would be received favorably despite its history of dilatoriness. But there is nothing else. Certainly there is no hint of surprise at the non-movants' responses,

which were largely prefigured by the plaintiff's opposition to a still-pending motion to vacate attachment filed by another claimant. (Doc. 175).[1]

"Deadlines are not meant to be aspirational," and a litigant does not "ha[ve] carte blanche permission to perform when he desires." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004). For the reasons set forth above, OSA's motions for extension of time are **denied**. OSA is **ordered** to file and serve any reply briefing in support of its motions to vacate on or before **September 17, 2010**. The Court will take the motions under submission on September 17, 2010, with or without briefing from OSA. The Court does not anticipate entertaining any future motions for extension of time.

DONE and ORDERED this 15th day of September, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] That dispositive motion as well was filed without apology after the July 16 deadline.