IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ADAMS OFFSHORE, LTD., | ) |
| Plaintiff | ) ) ) ) CIVIL ACTION NO.: 1:09-cv-378 |
| vs | ) ) |
| CON-DIVE, LLC, et al., | ) ) |
| Defendants | ) |

## AGREED ORDER OF DISMISSAL AND
## STIPULATION OF REMAINING CLAIMS

This matter is before the Court on the parties' joint motion for voluntary dismissal. (Doc. 289). For the reasons stated therein, the motion is **granted** and this agreed order entered.[1]

The only claims remaining in this civil action are the claims of Adams and McDermott for *custodial legis* costs incurred for the storage and safekeeping of the equipment which was the subject of the attachments by Adams, Cashman and Blake. The parties seek to dismiss (1) McDermott's claims against Adams, Cashman and Blake, and (2) Adams' claims against McDermott.

In accordance with the dismissals mentioned above, the parties have agreed to the following stipulations for the claims that remain in this civil action as follows:

1. Adams and McDermott have entered into a mutual settlement resolving their *custodia legis* claims against each other;

2. McDermott has settled its claims for *custodia legis* costs against Cashman Equipment Corp. ("Cashman");

---

[1] McDermott's motion for voluntary dismissal, (Doc. 275), and the joint motion of McDermott, Cashman and Adams to dismiss, (Doc. 287), are **denied as moot**. Blake's motion to enforce settlement, embedded request for attorney's fees (construed as a motion), and motion for leave to supplement, (Docs. 276, 286), are **denied**.

1

3. McDermott intends to voluntarily dismiss its Complaint in Intervention and *custodia legis* claims against all parties in this action, and the parties have no objection to the voluntary dismissal of McDermott's Complaint in Intervention and *custodia legis* claims;

4. By agreeing to this stipulation, Blake Marine Group ("Blake") and Cashman do not waive their contentions that their potential liability to Adams for reasonable *custodia legis* expenses should be reduced to reflect reasonable allocation or apportionment to McDermott of some or all of Adams' claim, notwithstanding the settlement between Adams and McDermott to which Blake and Cashman were not a parties;

5. Blake and Cashman reserve the right to argue that their potential liability should be reduced to the extent of McDermott's exposure, notwithstanding Adams' settlement of its claim against McDermott.

6. The only remaining issue to be tried in this action is the amount, if any, of Blake and Cashman's potential liability to Adams for *custodia legis* costs and reasonable allocation.

IT IS, THEREFORE, ORDERED that (1) McDermott's claims against Adams, Cashman and Blake, and (2) Adams' claims against McDermott are hereby dismissed with prejudice. There be no just cause for delay, the Court certifies these dismissals as final pursuant to Rule 54(B) The stipulations of the parties set forth above are accepted by the Court. Adams' *cutsodia legis* claims against Cashman and Blake are the sole remaining claims in the civil action, and these claims shall be subject to the stipulations set forth above.

DONE and ORDERED this 27th day of January, 2011.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE