IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADAMS OFFSHORE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0378-WS-B |
| | ) | |
| CON-DIVE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the plaintiff's "emergency motion to post supersedeas bond" and its motion for expedited hearing on the former motion.  (Docs. 323-24).

In May 2011, the Court allocated responsibility for the custodia legis costs initially borne by the plaintiff, which required in part that claimant Blake Marine Group ("Blake") reimburse the plaintiff to the tune of $206,463.21.  (Doc. 311 at 13).  In June 2011, Blake filed a notice of appeal from this ruling.  (Doc. 312).  Blake did not seek to stay execution pending appeal, whether by supersedeas bond under Rule 62(d) or otherwise.

In May 2012, the Eleventh Circuit affirmed the Court's ruling.  (Doc. 322). According to the plaintiff, Blake has now filed a petition for panel rehearing and rehearing en banc.  Also according to the plaintiff, counsel for Blake has recently characterized the judgment as "uncollectible."  These developments have caused the plaintiff to feel insecure in its ultimate ability to collect, "precipitating this motion to post bond."  (Doc. 323 at 3).

"If an appeal is taken, the appellant may obtain a stay by supersedeas bond …." Fed. R. Civ. P. 62(d).  While Rule 62(d) allows a losing party to prevent enforcement of a judgment against it by posting bond approved by the Court, it does not purport to enable a prevailing party to force the losing party to post bond if it chooses not to do so.  In the

[1]

absence of a stay, the prevailing party remains free during the pendency of an appeal to execute on the judgment. The plaintiff identifies no authority enabling it to wield Rule 62(d) as a club simply because it elected not to exercise its right to execute on a judgment until after its collectibility became doubtful.

For the reasons set forth above, the plaintiff's motions are **denied**.[1]

DONE and ORDERED this 24th day of May, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] After this order was prepared, Blake filed a response to the motion, in which it "request[s] that, following hearing, the court permit stay of execution without bond, on appropriate terms and conditions if Defendant makes the required showing justifying relief." (Doc. 325 at 1). "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). As Blake has filed no motion, it cannot obtain the relief requested. Nor has Blake explained why it should be permitted to seek a stay for the first time over a year after it began its appeal. Moreover, both Blake and the plaintiff appear to assume that hearings are automatic, but they are not. The Court conducts hearings only when required by statute or rule or when, following full and thorough briefing and submission of documentary evidence, the Court determines that a hearing remains necessary. The instant filings fall far short of that standard.